Elaine B. Harrington, Petitioner *v.* Commonwealth of Pennsylvania, Department of Public Welfare, Respondent.

Argued April 9, 1981, before President Judge CRUMLISH and Judges ROGERS and BLATT, sitting as a panel of three.

*Michael I. Levin, Cleckner and Fearen,* for petitioner.

*James S. Marshall,* Assistant Attorney General, for respondent.

OPINION BY JUDGE BLATT, August 27, 1981:

This is an appeal from a decision of the Hearing and Appeals Unit of the Department of Public Welfare (DPW) which affirmed the decision of a hearing examiner terminating the disability benefits of Elaine Harrington (claimant). She had been receiving bene-

fits pursuant to Section 1 of the Act of December 8, 1959, P.L. 1718, *as amended,* (Act 534), 61 P.S. §951, which provides that employees of state mental hospitals shall be compensated when they are disabled as a result of the acts of hospital patients.

The claimant had been employed by the DPW as a psychiatric nurse at the Clarks Summit State Hospital and suffered a cervical injury on September 4, 1977 when she was struck by a patient at the hospital. She qualified for and received Act 534 benefits by order of DPW dated December 21, 1978.

In April of 1979, at the DPW's request, the claimant was examined by Dr. Fred McMurry who reported to the DPW that the claimant had "musculoskeletal symptoms" and an emotional problem which stemmed from her work-related injury. He concluded, however, that she could perform light work. As a result of this report, the superintendent of the hospital requested that the claimant return to work at the hospital where she would be assigned light duties compatible with her physical limitations. When she did not return to work on the scheduled return date, July 26, 1979, however, she was notified by the DPW that her disability benefits would be terminated. After an administrative hearing before a DPW hearing examiner, benefits were terminated on the ground that the claimant was capable of returning to work. She contends in this appeal that the finding that she could perform light work for the hospital was based entirely on incompetent hearsay evidence, and that the DPW's order must therefore be reversed.

The record shows that the basis for the hearing examiner's finding was the medical report of Dr. McMurry which was admitted into evidence without objection, and that, although Dr. McMurry's report favored the termination of benefits, the hearing ex-

aminer remanded the case to the DPW in order to obtain the recommendation of the claimant's personal physician. The DPW then sent a copy of Dr. McMurry's report to the claimant's personal physician, Dr. Howard Platt, who responded by way of a letter to the DPW on January 17, 1980 that he concurred with Dr. McMurry's opinion that the claimant could perform "light/limited" duties. The DPW then forwarded this letter to the hearing examiner who thereupon entered a supplemental adjudication terminating benefits as of January 18, 1980. This order was affirmed by the DPW Hearing and Appeals Unit and this appeal followed.

The out-of-court statements of the physicians are clearly hearsay, and it is a long-standing general principle of Pennsylvania administrative law that "a finding of fact based *solely* on hearsay will not stand." *Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 527, 367 A.2d 366, 370 (1976) (emphasis in original). *Landis v. Workmen's Compensation Appeal Board*, 35 Pa. Commonwealth Ct. 122, 383 A.2d 246 (1978).[1]

The DPW does not point to, nor does our review of the record reveal, any corroborating evidence for the DPW's finding that the claimant was capable of resuming work in a limited capacity. The only nonhearsay evidence produced at the hearing concerning the claimant's disability was the claimant's own testi-

---

[1] In the Supreme Court's recent plurality opinion in *Unemployment Compensation Board of Review v. Ceja*, 493 Pa. 588, 427 A.2d 631 (1981), Justice KAUFFMAN stated that unobjected-to hearsay should be given its natural probative effect. Even if the rationale of the plurality opinion in *Ceja, supra*, should be adopted by a majority of that Court, the result in the present case would not differ, for the physician's report was received by the hearing examiner, incorporated into the record and relied upon in the adjudication without notice to the claimant. Thus the claimant never had an opportunity to object to the admission of the hearsay evidence.

mony to the effect that her back injury continued to be totally disabling.

We will therefore reverse the order of the Department of Public Welfare.

## ORDER

AND Now, this 27th day of August, 1981, the order of the Department of Public Welfare, Hearing and Appeals Unit, in the above-captioned case is hereby reversed and it is ordered that the disability benefits of the petitioner, Elaine B. Harrington, are hereby reinstated and

It is further ordered that the case be remanded to the Department of Public Welfare for computation of all unpaid benefits, if any, including interest at 10 percent per annum, which are due to the petitioner since January 18, 1980.