Martin N. Hoover Shops, Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Albert Reichard, Jr., Respondents.

Albert Reichard, Jr., Petitioner v. Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Martin N. Hoover Shops, Respondents.

Argued February 3, 1982, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Harold W. Budding,* for petitioner, Martin N. Hoover Shops.

*John L. Sampson, Hassel, Yost & Sorrentino,* for respondent, Albert Reichard, Jr.

OPINION BY JUDGE ROGERS, March 19, 1982:

This protracted workmen's compensation litigation has its origin in injuries sustained by Albert Reichard on July 6, 1971, while he was performing the duties of his employment as a welder with Martin N. Hoover Shops. On that date the claimant was engaged in propagating a weld when an open can of paint thinner, apparently left in the area by a co-worker, was ignited spraying Mr. Reichard with flaming liquid and causing him to suffer second and third degree burns over sixty per cent of his body. In the course of attempting to extinguish the flames, the claimant was thrown to the shop floor by fellow workers and there rolled vigorously about. An ambulance was then summoned and the claimant was hospitalized for a lengthy course of treatment involving skin grafts and other care. On July 30, 1971, Mr. Reichard and his employer entered into an agreement for compensation for total disability related to this accident.

Following his hospital discharge in late September or early October, 1971, the claimant continued his recovery at home until March, 1972, when, unable to return to his former occupation, he took a job as a cook at a college. From the time he took up his duties at the college, which involved long periods of standing, the claimant experienced back pain the severity of which gradually increased until he was required to quit this work. Thereafter, Mr. Reichard was referred by the

insurance carrier for Martin Hoover Shops to a Dr. Charles R. Winter for evaluation. Dr. Winter's evaluation disclosed the presence of a potentially disabling spinal condition described as a Grade I lumbosacral spondylolisthesis. The claimant was referred by Dr. Winter to several physicians in the Lancaster area for treatment of this back condition. Despite several short-lived attempts to return to work in various capacities, the claimant was hospitalized in March, 1973, in order to undergo a surgical spinal fusion performed by a Dr. John Shertzer. The expenses attendant to this hospitalization and the coincident period of disability are the subject of a Supplemental Agreement for Compensation entered into between the claimant and Martin Hoover Shops on April 26, 1973.

The claimant's back condition improved throughout the summer of 1973 and, on October 15, 1973, he executed a Final Settlement Receipt thereby agreeing that his disability, which began in July, 1971, had ceased. This assessment proved to be premature and the claimant's back pain recurred during the early months of 1974. Throughout the period from January to July, 1974, the claimant was employed as a cook in at least three Chester County eating establishments. Dr. Shertzer's examination of the claimant on July 3, 1974 revealed motion at the site of the earlier surgical fusion thereby indicating, as the physician testified, that "the fusion didn't take." On July 11, 1974, the claimant was readmitted to Lancaster General Hospital where he underwent a second course of spinal surgery designed to rectify the failure of attachment of the original fusion. It appears that this treatment, like the earlier ones, was not completely successful. The claimant was rehospitalized in 1977 and 1978 but has since steadily improved. He has returned to restaurant work and, at the time of the referee's hearing on August 22, 1979, testified that with the exception of

periods of inclement weather he is presently without back discomfort.

The principal question before us is that of the extent of the employer's liability for the period of disability attendant to the second surgical procedure in July, 1974. In August, 1974, the claimant filed a petition for reinstatement of the earlier compensation agreement alleging that his back condition had recurred due to the failure of the first spinal fusion. The employer filed a responsive answer denying that the second surgical procedure was related to the original injuries sustained in July, 1971. Two evidentiary hearings were subsequently held at which the claimant testified to many of the events described above and Dr. Shertzer testified that the necessity for the second surgical procedure was the direct result of the failure of the first procedure. On cross-examination Dr. Shertzer was asked whether he could, with a reasonable degree of medical certainty, causally attribute the claimant's back condition to the initial burn injuries. Dr. Shertzer, who had not treated the claimant's burn injuries and, indeed, first saw the claimant some two years after the 1971 fire, testified that it was possible that the back condition was caused by trauma sustained in 1971 but that "[i]f you are trying to pin me down to say his fire caused his back pain, I can't do it." On the basis of this evidence the referee denied the claimant's petition for reinstatement concluding that it had not been shown that the back disabiliy for which compensation was sought was related to an injury at work. The Board affirmed this determination noting that in the light of the 1973 Final Settlement Receipt the claimant's petition should have been treated as one to set aside a final receipt.

Thereafter, an appeal was taken by the claimant to this Court. Simultaneously, the claimant requested of the Board an opportunity to present newly acquired

evidence on the issue of the causal relationship between the 1971 incident at work and the back surgery in 1974. The claimant's counsel averred that he had not, at the time of the earlier hearings, thought it necessary to prove this causal relationship inasmuch as the necessity of the surgery in 1974 was shown to be the direct result of the failure of the first spinal fusion and the employer had, in the view of claimant's counsel, conceded its liability for the first back surgery in the context of the 1973 Supplemental Compensation Agreement.[1]

The Board granted the claimant's petition and ordered a rehearing to be held on June 9, 1980. At the rehearing the claimant called Dr. Winter who testified that he had evaluated Mr. Reichard in 1972 at the instance of the employer's insurance carrier and had reevaluated him at the request of the claimant's counsel in August, 1976. Dr. Winter further testified that he was familiar with the whole of the claimant's course of treatment, that he was now the claimant's treating physician, and, on the issue of the relationship between the 1971 work incident and the disabling back condition presently at issue, that the back condition was a direct result of the trauma sustained by the claimant when he was thrown to the shop floor by co-workers in an attempt to extinguish the accidental fire. Specifically on this issue, Dr. Winter testified that it was impossible to determine with precision the relative contributions of the trauma and a possible congenital condition to the spinal defect underlying the claimant's back condition but that it was certain that in the ab-

---

[1] The position of claimant's counsel was not unreasonable in the light of the well-established proposition that a compensation agreement, supplemental or otherwise, is tantamount to a stipulation of the facts therein contained. *Fehr v. YMCA, Pottsville*, 201 Pa. Superior Ct. 107, 192 A.2d 143 (1963) ; *Guzik v. Laurel Ridge Construction Co.*, 196 Pa. Superior Ct. 586, 176 A.2d 183 (1962).

sence of the trauma the spinal defect would not have caused the claimant to suffer discomfort or disability. The employer's medical witness, Dr. Charles Heisterkamp, one of the physicians who treated the claimant's initial burn injury, testified that he did not materially disagree with Dr. Winter's explanation and that it was possible that Mr. Reichard had received an injury to his back during the 1971 incident. However, Dr. Heisterkamp was unable to state with any certainty whether such a causal sequence had in fact occurred.

On the basis of this evidence the referee found that the claimant's hospitalization and disability in 1974 were compensable as the direct result of the accidental fire at work in 1971. In addition, the referee concluded that the employer's decision to contest the claimant's petition to set aside a final receipt was unreasonable and, therefore, that the claimant's award should include an amount for attorney's fees. Following the employer's appeal, the Board affirmed the order of the referee on the issue of compensability and reversed the order with respect to the award of attorney's fees. Both parties sought review in this Court. We affirm.

The employer contends that the evidence of record is insufficient to support the finding of the referee that the 1971 incident at work caused the claimant's back injury for which surgical treatment was received in 1974. This argument is meritless. As we have indicated, the testimony of Dr. Winter on this issue was direct and unequivocal and more than adequate to support the disputed factual determination. Although Dr. Heisterkamp was less certain of the causal nexus; evidently because his familiarity with the claimant's case was limited to the initial burn treatment, he did not cast any doubt on Dr. Winter's stated conclusions. We agree with the Board that the procedural vehicle properly employed by the claimant was a petition to set aside a final receipt. The claimant's burden, there-

fore, was to allege and prove, *inter alia*, that his disability which was the subject of the earlier compensation agreement had not ceased at the time the final receipt was executed: *Cambria County Commissioners v. Workmen's Compensation Appeal Board*, 57 Pa. Commonwealth Ct. 409, 426 A.2d 249 (1981), *United States Steel Corporation v. Workmen's Compensation Appeal Board*, 46 Pa. Commonwealth Ct. 352, 407 A.2d 464 (1979); Section 434 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §1001. Mr. Reichard met this burden.[2]

The claimant asserts that the Board's decision is erroneous in two respects; first, for disturbing the referee's inclusion of attorney's fees in the award and, second, for failing to reverse the referee insofar as certain periods of disability in 1977 and 1978 were not made the subject of compensation. We agree with the Board that the record in this case, containing the opinions of medical experts who differed markedly on the degree of certainty to be attached to the causal connection at issue as well as earlier determinations in the employer's favor by a referee and the Board, establishes that the employer's contest was reasonable. With regard to the brief periods of hospitalization in 1977 and 1978, the referee found that the evidence did not establish a relationship between these hospitalizations and the work related injury. It appears that no

---

[2] The employer also attempts to erect some not altogether clear argument based on the occurrence of the accidental fire on a date prior to the 1972 amendments to the Workmen's Compensation Act and the possibility that the claimant's spondylolisthesis is related to a congenital defect of the spine. However, even if it were established, which it is not, that the 1971 accident merely aggravated a pre-existing condition of the claimant's spine it would nevertheless be compensable. *See Patterson v. Philadelphia Dairy Products Company*, 177 Pa. Superior Ct. 195, 110 A.2d 797 (1955).

appeal from this decision was taken by the claimant to the Board and, therefore, the issue not having been raised before the Board, we decline to address it. *Lord v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 626, 395 A.2d 598 (1978); *Mountz v. Workmen's Compensation Appeal Board,* 33 Pa. Commonwealth Ct. 583, 382 A.2d 507 (1978). See also 2 Pa. C. S. §703 and Pa. R.A.P. 1551(a).

Order affirmed.

ORDER

AND Now, this 19th day of March, 1982, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.