539 A.2d 11

Mrs. Smith's Frozen Foods Company, Petitioner *v.* Workmen's Compensation Appeal Board (Clouser), Respondents.

Submitted on briefs January 19, 1988, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*John W. Espenshade, Tryon, Friedman & Espenshade,* for petitioner.

*Martin K. Brigham, Galfand, Berger, Senesky, Lurie & March,* for respondent, Martha Clouser.

OPINION BY SENIOR JUDGE NARICK, March 14, 1988:

This is an appeal by Mrs. Smith's Frozen Foods Company (Employer) from a decision of the Workmen's Compensation Appeal Board (Board) which awarded disability benefits to Martha Clouser (Claimant) pursuant to Section 108(n) of The Pennsylvania Workmen's Compensation Act (Act),[1] and Section 301(c) of the Act.[2] We affirm in part and reverse in part.

Claimant was employed from January 1969 through August 22, 1983 by Employer, which is engaged in the commercial manufacture of baked goods. Claimant's employment required her to be exposed to wheat flour dust. On December 5, 1983, Claimant filed a petition for disability benefits alleging that as of August 22, 1983 she incurred a work-related disability, namely chronic bronchitis and Baker's Asthma.

A hearing was held before a referee and Claimant presented the expert testimony of Dr. Lawrence Litt, who is board certified in pulmonary disease and internal medicine. Employer presented the expert testimony of Dr. Charles Egoville, who is board certified in pulmonary disease and internal medicine, and Dr. Philip Spergel, a vocational expert.

The decision of the referee can be summarized as follows. Finding the testimony of Dr. Litt credible, the referee concluded that Claimant's exposure to flour dust was the cause of her Baker's Asthma, that Claimant's exposure to flour dust was the substantial contributing factor to her overall pulmonary dysfunction including

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* added by Section 1 of the Act of October 17, 1972, P.L. 930, *as amended,* 77 P.S. §27.1(n).

[2] 77 P.S. §411.

chronic obstructive pulmonary disease, and that there is a substantially greater incidence of Baker's Asthma and chronic obstructive pulmonary disease in the baking industry and in the specific occupation of packaging and bagging wheat flour pies than in the general population. The referee concluded that Claimant was totally disabled as a result of Baker's Asthma and chronic obstructive pulmonary disease. The referee further stated that he accepted the opinion of Dr. Egoville which corroborated Dr. Litt's testimony that Baker's Asthma was precipitated by Claimant's employment, but rejected that portion of Dr. Egoville's testimony which placed greater reliance on Claimant's smoking history as the cause of her pulmonary disease. The testimony of Dr. Spergel was found not credible by the referee. Lastly, the referee concluded that Employer did not have a reasonable basis for contest and assessed one half of the attorney fees incurred by Claimant against Employer. The Board affirmed the referee and this petition for review followed.

Employer's argument on appeal is threefold: (1) the Board erred in affirming the referee's determination that Claimant's pulmonary disease was causally related to her employment; (2) the Board erred in affirming the referee's determination that Employer failed to present credible testimony of alternate jobs which were available to Claimant; and (3) Employer had a reasonable basis for contesting Claimant's petition for benefits.

We are cognizant that when petitioned to review a decision of the Board we are limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

First, we will address Employer's contention that substantial evidence does not exist in the record to support the referee's conclusion that Claimant is entitled to benefits pursuant to Section 108(n)[3] and Section 301(c)[4] of the Act. It is long established that the referee is the ultimate factfinder when no additional evidence is taken by the Board, *Universal Cyclops Steel Corp. v. Krawczynski*, 9 Pa. Commonwealth Ct. 176, 305 A.2d 757 (1973); and the referee may accept or reject testimony of any witness, including medical witnesses in whole or in part. *Kraemer v. Workmen's Compensation Appeal Board (Perkiomen Valley School District)*, 82 Pa. Commonwealth Ct. 469, 474 A.2d 1236 (1984). A referee may reject even uncontradicted testimony, *Kraemer.*

Our review of the record reveals that Dr. Litt testified that there was a causal effect between Claimant's employment and her Baker's Asthma. Dr. Litt also testified that Claimant's exposure to flour dust exacerbated her chronic obstructive pulmonary disease. It was Dr.

---

[3] Section 108(n) of the Act sets forth a three prong test which provides recovery for:

All other diseases (1) to which the claimant is exposed by reason of his employment, and (2) which are causally related to the industry or occupation, and (3) the incidence of which is substantially greater in that industry or occupation than in the general population . . .

[4] Section 301(c) pertinently provides:

(1) The terms 'injury' and 'personal injury', as used in this act, shall be construed to mean an injury to an employe, regardless of his previous physical condition, arising in the course of his employment and related thereto, and such disease or infection as naturally results from the injury or is aggravated, reactivated or accelerated by the injury . . .

(2) The terms 'injury,' 'personal injury,' and 'injury arising in the course of his employment,' as used in this act, shall include, unless the context clearly requires otherwise, occupational disease as defined in Section 108 of this act . . .

Litt's opinion that Claimant's exposure to flour dust was a substantial contributing factor to her overall pulmonary condition. Additionally, Dr. Litt stated that there is a substantially greater incidence of Baker's Asthma and chronic obstructive disease among the industry of baking and the industry of bagging and working with wheat flour pies than in the general population.[5] Clearly, Dr. Litt's testimony constitutes substantial evidence to support the referee's findings.[6]

Employer's next argument is that it presented credible testimony of alternate jobs available to Claimant through the testimony of Dr. Spergel, which was rejected by the referee. As the ultimate factfinder, the referee was free to accept or reject Dr. Spergel's testimony, and if the referee's decision is supported by substantial evi-

[5] Employer contends that an affidavit which constitutes hearsay was erroneously admitted into the record whereby Dr. Litt indicates there is a substantial greater incidence of Baker's Asthma and chronic pulmonary obstructive disease in the baking industry and in the industry of bagging wheat flour pies. In workmen's compensation cases, hearsay evidence, even if objected to, is admissible if corroborated by other evidence. *Landis v. Workmen's Compensation Appeal Board,* 35 Pa. Commonwealth Ct. 122, 383 A.2d 146 (1978). We see no evidence in the record of an objection to this affidavit being made by Employer. Furthermore, our review of the record reveals that Dr. Litt's deposition specifically corroborates this affidavit.

[6] Our Supreme Court recently held in *Pawlosky v. Workmen's Compensation Appeal Board (Latrobe Brewing Co.),* 514 Pa. 450, 525 A.2d 1204 (1987) that where the medical evidence reveals that a claimant's exposure to fumes at his place of employment aggravated or irritated his condition and produced an adverse physiological reaction called a bronchospasm, during which the employee would undergo difficulty in breathing that the claimant was entitled to benefits pursuant to Section 301(c)(1) of the Act. We also note that Baker's Asthma has been recognized as an occupational disease. *See Wisnewski v. Polansky Bakery,* 39 Pa. Commonwealth Ct. 189, 394 A.2d 1324 (1978); *Imperial Food Products v. Tomarelli,* 28 Pa. Commonwealth Ct. 150, 367 A.2d 732 (1977).

dence, we must affirm. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Grabish v. Workmen's Compensation Appeal Board (Trueform Foundations, Inc.),* 70 Pa. Commonwealth Ct. 542, 453 A.2d 710 (1982). Our review of Dr. Spergel's testimony reveals that Dr. Spergel described certain jobs which in his opinion Claimant was capable of performing. However, Dr. Spergel admitted that he could not verify whether or not these jobs were actually open or available to Claimant. Also, there is no evidence in the record that Claimant was made aware of any job openings. Our Supreme Court recently held that when an employer asserts alternative job opportunities available to a worker's compensation claimant that the employer must establish the availability of such work which the claimant is capable of performing. *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.),* 516 Pa. 240, 532 A.2d 374 (1987). Accordingly, we will not disturb the referee's findings here.

Finally, Employer argues that it was error for the referee to assess one half of Claimant's attorney fees against Employer pursuant to Section 440 of the Act, 77 P.S. §996. Section 440 of the Act provides that no attorney fees may be awarded when a reasonable basis for contest exists. *Henderson v. Workmen's Compensation Appeal Board (Rockwell International, Inc.),* 69 Pa. Commonwealth Ct. 613, 452 A.2d 277 (1982). The question of whether an employer has a reasonable basis for contest is one of law subject to this Court's review. *Rettinger v. Workmen's Compensation Appeal Board (American Can Co.),* 103 Pa. Commonwealth Ct. 595, 520 A.2d 1252 (1987). This Court has held that a reasonable basis for contest by an employer exists when an employer presents conflicting medical evidence. *Martin N. Hoover Shops v. Workmen's Compensation*

*Appeal Board,* 65 Pa. Commonwealth Ct. 396, 442 A.2d 426 (1982); *Hartman v. Workmen's Compensation Appeal Board (Firestone Tire & Rubber Co.),* 17 Pa. Commonwealth Ct. 609, 333 A.2d 819 (1975). Dr. Egoville, Employer's medical expert, diagnosed Claimant as suffering from chronic obstructive pulmonary disease related to air pollution with the primary air pollutant being tobacco smoke, Baker's Asthma and chronic depression. It was Dr. Egoville's opinion that the burden of the respiratory disability suffered by Claimant was chronic obstructive pulmonary disease and not Baker's Asthma. Accordingly, a reasonable basis for contest existed. Therefore, we reverse that portion of the Board's order which assessed attorney fees against Employer pursuant to Section 440 of the Act.

We affirm that portion of the Board's order awarding workmen's compensation benefits to Claimant pursuant to Section 108(n) and Section 301(c) of the Act, but reverse that portion of the Board's order which assessed attorney fees against Employer pursuant to Section 440 of the Act.

ORDER

AND NOW, this 14th day of March, 1988, we order the following: that portion of the Board's order in the above-captioned matter which awarded workmen's compensation benefits pursuant to Section 108(n) and Section 301(c) of the Act is hereby affirmed; however, that portion of the Board's order which assessed attorney fees against Mrs. Smith's Frozen Foods Company pursuant to Section 440 of the Act is hereby reversed.

Judge BARRY concurs in the result only.