David McMULLEN, Petitioner

v.

WORKERS' COMPENSATION AP-PEAL BOARD (C & D TECHNOLO-GIES, INC.), Respondent.

Elizabeth McMullen, Petitioner

v.

Workers' Compensation Appeal Board (C & D Technologies, Inc.), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 2004.

Decided Aug. 16, 2004.

Reconsideration Denied Oct. 8, 2004.

George P. Chada, Natrona Heights, for petitioners.

Walter E. Werner III and Cynthia A. Baker, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, Judge, and LEADBETTER, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

In these consolidated appeals, David McMullen and Elizabeth McMullen (hereinafter collectively referred to as "Claimants") petition for review of an order of the Workers' Compensation Appeal Board (Board) affirming the decision of the Workers' Compensation Judge (WCJ) which denied Claimants' claim and penalty petitions. We affirm.

Claimants last worked for C & D Technologies, Inc. (Employer) in May 2000. Employer uses lead in the manufacturing of batteries. On September 19, 2000, Claimants each filed a claim petition alleging total disability caused by work-related lead poisoning. On December 12, 2000, Claimants each filed a penalty petition alleging that Employer violated the terms of the Workers' Compensation Act[1] (Act) by failing to investigate their claims of work-related lead poisoning, by failing to promptly pay benefits, by unreasonably contesting their claims, and by failing to produce medical information. Employer filed timely answers to each of the filed petitions and hearings before a WCJ ensued.

In support of their petitions, Claimants testified on their own behalf, submitted documentary evidence, and presented the testimony of the following expert and fact witnesses: (1) Alan Rodgers, M.D.; (2) Lisa A. Morrow, PhD; (3) Susan Rankin, R.N.; (4) Kevin M. Beatty; (5) Dale R. Sheafer; and (6) Donna L. Wilson. In opposition to the petitions, Employer presented the testimony of Lawson F. Bernstein, Jr., M.D., and Angelo Constantino, M.D., as well as documentary evidence.

Upon review of the evidence presented, the WCJ accepted as credible the testimony of Drs. Bernstein and Constantino, Employer's medical experts. The WCJ found that both doctors found no evidence of lead poisoning of Claimants. The WCJ rejected, as not credible, the testimony of Dr. Morrow and Dr. Rodgers. Accordingly, the WCJ found that neither Claimant was poisoned by the lead in their work environment while they were employed by Employer. The WCJ also found that Claimants are not currently poisoned by lead and that Claimants are not disabled by the effects of lead in their bodies. The WCJ found that Elizabeth McMullen's reproductive organs were not affected by lead exposure. The WCJ found that Claimants could have continued their work for Employer in the environment which Employer maintains. Based on the credible testimony of Dale Sheafer, the WCJ found that

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1—1041.4; 2501–2626.

Claimants were not fired but left their work voluntarily. Finally, the WCJ found that Employer did not violate the Act. Accordingly, the WCJ denied Claimants' claim and penalty petitions.

Claimants appealed the WCJ's decision to the Board before which Claimants argued that the WCJ, by denying their claim petitions, improperly interfered with the substantive protections they are entitled to receive under the federal Occupational Safety and Health Administration (OSHA) regulations pertaining to toxic and hazardous substances. *See* 29 C.F.R. § 1910.1025. Claimants argued further that the OSHA regulations preempt the Act.

Upon review, the Board determined that nothing in the federal OSHA regulations preempt the provisions of the Act. The Board determined further that the WCJ's decision was not inconsistent with the OSHA regulations and did not suspend or terminate Employer's obligations to provide the protections outlined in the OSHA regulations. Accordingly, the Board affirmed the WCJ's decision. These appeals followed.

 This Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe)*, 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser)*, 114 Pa.Cmwlth.382, 539 A.2d 11 (1988).

The only issue presented for our review in these appeals is whether the WCJ and the Board committed errors of law by failing to enforce Claimants' statutory protections promulgated pursuant to the federal OSHA regulations found at 29 C.F.R. § 1910.1025. In support of this issue, Claimants contend that 29 C.F.R. § 1910.1025(k)(1)(v)(a) provides that an employer may remove an employee from exposure to lead, provide special protective measures to the employee or place limitations upon the employee, consistent with the medical findings, determinations or recommendations of any of the physicians who have reviewed the employee's health status. Claimants contend that both their family physician and Employer's physician recognized the symptoms of lead poisoning in Claimants.

Claimants contend further that Employer recognized that Claimants were entitled to the protections of 29 C.F.R. § 1910.1025 but fired Claimants rather than provide these protections. Claimants point out that 29 C.F.R. § 1910(k)(2)(iv) provides that an employee who files a workers' compensation claim for a lead related disability must still be provided medical removal protection benefits pending disposition of the workers' compensation claim. Claimants argue that they raised their federal protections before the WCJ and requested the medical removal protection benefits during the pendency of the workers' compensation proceedings but that the WCJ denied their request along with their claim petitions. This denial, Claimants argue, constituted error by the WCJ.

Finally, Claimants argue that Congress intended that the regulations promulgated pursuant to Title 29 occupy the field of worker safety and health. Thus, Claimants contend, the Act is preempted by 29 C.F.R. § 1910.1025.

With respect to the issue of preemption, our Supreme Court has stated:

Preemption occurs, of course, where the intention to preempt has been expressly declared by Congress. In addition, an implied intent to preempt is found where a federal legislative scheme is so pervasive that it raises a reasonable inference that Congress left no room for a state to supplement it. Even where Congress has not completely displaced state regulation of a subject, state law is preempted to the extent that it actually conflicts with federal law, i.e., where compliance with both federal and state laws is an impossibility. Initially, it must be noted that 'federal regulations have no less of a preemptive effect than federal statutes.'

*Shulick v. PaineWebber, Inc.*, 554 Pa. 524, 529, 722 A.2d 148 150–51 (1998) (citations and emphasis omitted).

Herein, we agree with Claimants that Congress intended to occupy the field of worker safety and health in the area of occupational exposure to lead by promulgating federal OSHA regulations governing toxic and hazardous substances. However, there is no express declaration in 29 C.F.R. § 1910.1025 that Congress intended to preempt state workers' compensation laws in affording employees protections against lead poisoning. To the contrary, Section 1910.1025(k)(2)(iv) indicates an intent for the protections afforded in the federal regulations to coincide with state workers' compensation laws.

█ Section 1910.1025(k)(2)(iv) specifically provides that "[i]f a removed employee files a claim for worker's compensation payment for a lead-related disability, then the employer shall continue to provide medical removal protection benefits pending disposition of the claim." 29 C.F.R. § 1910.1025(k)(2)(iv). Thus, the clear in-

tent of Congress is not to preempt the area of state workers' compensation but for the protections afforded in the federal OSHA regulations to continue while a claim for state workers' compensation is pending. Accordingly, we reject Claimants' assertion that the Act is preempted either expressly or by implication by 29 C.F.R. § 1910.1025.

Moreover, we reject Claimants' allegation that, after they were medically removed from employment in accordance with the federal regulations, they were fired by Employer so Employer would not have to provide those protections as the WCJ never made such a finding. The WCJ specifically found, based on the credible testimony of Dale Sheafer, that Claimants were not fired but instead voluntarily left their employment.[2]

█ Finally, we disagree with Claimants' allegation that the WCJ's decision interferes with the protections afforded Claimants under the federal OSHA regulations. The WCJ's decision is properly based upon the provisions of the Act. There is nothing in the WCJ's decision or the Board's affirmance thereof that prevents Claimants from pursuing any protections they may be entitled to under the federal OSHA regulations or any other law or statute enacted to protect workers from lead poisoning. As pointed out by the Board, the WCJ's decision is not inconsistent with the OSHA regulations and the same does not suspend or terminate Employer's obligation to provide those protections.

Accordingly, the Board's order is affirmed.

### ORDER

AND NOW, this 16th day of August, 2004, the order of the Workers' Compensa-

---

**2.** We note that, in this appeal, Claimants do not raise the issue of whether the WCJ's findings of fact are supported by substantial evidence.

tion Appeal Board in the above captioned matter is affirmed.