**CITY OF HARRISBURG, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PALMER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 6, 2005.

Decided June 20, 2005.

---

Joseph C. Patterson, Harrisburg, for petitioner.

Jenifer Dana Kaufman, Philadelphia, for respondent.

BEFORE: FRIEDMAN, J., SIMPSON, J., and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

The City of Harrisburg (Employer) petitions for review of an order of the Workers' Compensation Appeal Board (Board) affirming a decision of the Workers' Compensation Judge (WCJ) granting Jack Palmer's (Claimant) petition to reinstate compensation benefits and petition to review compensation payable.

On March 19, 2001, Claimant sustained a work related injury while employed by Employer as a maintenance mechanic with the sewer department. Employer accepted liability for Claimant's injury and a notice of compensation payable was issued which described Claimant's injury as left elbow, shoulder, right hand, thigh and back. On or about January 9, 2002, Employer and Claimant entered into a supplemental agreement suspending Claimant's

compensation benefits as of November 12, 2001, when Claimant was able to return to work with no loss of earnings.

On or about May 27, 2003, Claimant, *pro se,* filed a claim petition seeking to amend the original claim approved by Employer for Claimant's work-related injury. Claimant alleged that he sustained an aggravation of his pre-existing left knee injury due to the March 19, 2001 work-related accident requiring a total knee replacement. Employer filed a timely answer denying that Claimant's March 19, 2001 work-related injury resulted in his need for a total knee replacement. Hearings before the WCJ ensued.

The WCJ noted that Claimant should have filed a petition to reinstate compensation benefits and petition to review compensation payable rather than a claim petition in order to have the left knee added to the description of the injury as listed on the NCP. However, the WCJ, citing his authority to grant whatever relief is warranted by the evidence whenever a claimant files an incorrect petition, deemed Claimant's claim petition as a petition to reinstate and a review petition.

In support of his petitions, Claimant testified on his own behalf and submitted documentary evidence including medical reports from John D. Thompson, D.O., his treating physician.[1] In opposition to the petitions, Employer also submitted documentary evidence including letters from Dr. Thompson and Christopher Connelly, D.O., Employer's panel physician.

The WCJ accepted Claimant's testimony as credible and further found as fact that the March 19, 2001 work-related injury was an aggravation of a pre-existing osteo-

---

1. Since Claimant was seeking less than 52 weeks of compensation benefits, it was agreed before the WCJ that Claimant would be permitted to rely upon medical reports pursuant to Section 422(c) of the Pennsylvania Worker's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 835.

arthritic condition and previous work-related left knee injuries and that the need for total left knee replacement surgery was causally related to the injury. The WCJ accepted Dr. Thompson's reports as credible, in part, particularly where Dr. Thompson related that Claimant sustained an exacerbation of a pre-existing left knee problem on March 19, 2001. The WCJ rejected Dr. Connelly's reports and his letter stating that Claimant's left knee injury was not related to the work injury that Claimant sustained on March 19, 2001, as not credible or persuasive. The WCJ also rejected the opinion in Dr. Thompson's letter submitted by Employer that Claimant's left knee pain was not from a job-related incident because Dr. Thompson's office notes and other reports portrayed a contrary opinion.

The WCJ also found that Employer could not deny that the left knee was part of the March 19, 2001 work-related injury since Employer had been paying the medical bills related to the knee since March 27, 2001, the date that Claimant was first examined by Dr. Thompson. In addition, the WCJ found that Dr. Thompson sent regular reports to Dr. Connelly and each report contained information about Claimant's knee on examination and how the knee was being treated.

Therefore, the WCJ concluded that Claimant met his burden of showing that he sustained a left knee injury, which required surgery, during his March 19, 2001 work-related injury. Accordingly, the WCJ granted Claimant's reinstatement petition and review petition.

Employer appealed the WCJ's decision to the Board on the basis that the WCJ improperly deemed Claimant's claim petition to be a reinstatement petition and review petition and that Claimant failed to establish by unequivocal medical evidence that his March 19, 2001 work-related injury involved the left knee and that his subsequent surgery and resulting disability were causally related to the initial injury. Upon review, the Board affirmed and this appeal followed.

Herein, Employer raises the issue of whether the Board erred as a matter of law in upholding the WCJ's award of benefits where Claimant failed to establish by unequivocal medical evidence that his March 19, 2001 work-related injury involved his left knee and that his subsequent surgery and resulting disability were causally related to his March 19, 2001 work-related injury.[2] In support of this issue, Employer points out that the record shows that Claimant had problems with his left knee prior to March 19, 2001, that he has undergone four surgeries on his left knee prior to March 19, 2001, and that Claimant has long standing osteoarthritis in his left knee. Thus, Employer contends that Claimant had to present unequivocal medical evidence proving that his left knee was injured on March 29, 2001 since it was not included in the notice of compensation payable and Claimant also had to estab-

---

2. Employer raises the issue in the argument portion of its brief that the WCJ erred in deeming Claimant's claim petition the equivalent of a petition to review compensation benefits and a petition for reinstatement of benefits. However, because Employer failed to raise this issue in its Statement of Questions Involved, it is waived. *See* Pa.R.A.P. 2116; *Mione v. Pennsylvania Board of Probation and Parole,* 709 A.2d 440 (Pa.Cmwlth.1998) (Points briefed but not included in or suggest-

ed by the statement of questions involved were waived.). We note however that our decision in *Jeanes Hospital v. Workers' Compensation Appeal Board (Shawn Hass),* 819 A.2d 131 (Pa.Cmwlth.2003), upon which Employer relies in support of this issue, was recently reversed by our Supreme Court. *See Jeanes Hospital v. Workers' Compensation Appeal Board (Shawn Hass),* —— Pa. ——, 872 A.2d 159 (2005).

lish, through unequivocal medical evidence, that his need for a total knee replacement was causally related to the March 19, 2001 work-related injury. Finally, Employer contends that even if the original notice of compensation payable had described an injury to Claimant's left knee, it would be unreasonable to assume a subsequent total knee replacement surgery was related to this single injury without a supporting medical opinion.

■ Initially, we note that this Court's scope of review is limited to determining whether there has been a violation of constitutional rights, errors of law committed, or a violation of appeal board procedures, and whether necessary findings of fact are supported by substantial evidence. *Lehigh County Vo–Tech School v. Workmen's Compensation Appeal Board (Wolfe),* 539 Pa. 322, 652 A.2d 797 (1995). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Mrs. Smith's Frozen Foods v. Workmen's Compensation Appeal Board (Clouser),* 114 Pa. Cmwlth.382, 539 A.2d 11 (1988).

■ A petition for review is limited to review or modification of a notice of compensation payable or supplemental agreement which is in some material respect incorrect and such modification may occur at any time. *Birmingham Fire Insurance Company v. Workmen's Compensation Appeal Board (Kennedy),* 657 A.2d 96 (Pa. Cmwlth.1995). It is the burden of the party seeking modification of the notice of compensation payable, or supplemental agreement, to prove that a material mistake of fact or law was made at the time the notice of compensation payable was issued. *Id.*

■ The WCJ may amend a notice of compensation payable if it is materially incorrect or if the disability status of the injured employee has changed. *Jeanes Hospital v. Workers' Compensation Appeal Board (Shawn Hass),* — Pa. — 872 A.2d 159 (2005). A notice of compensation payable is materially incorrect if the accepted injury (or injuries) does not reflect all of the injuries sustained in the initial work incident. *Id.* Injuries that result or flow from the original injury represents an increase in disability. *Id.*

■ A claimant seeking reinstatement following a suspension of benefits must prove that: (1) through no fault of his or her own, the claimant's disability, *i.e.,* earning power, is again adversely affected by the work-related injury, and (2) the disability which gave rise to the original claim, in fact, continues. *Pieper v. Ametek–Thermox Instruments,* 526 Pa. 25, 584 A.2d 301 (1990). There is a presumption that the continuing injury is, however, the same injury that caused the original disability. *Id.* Once a claimant testifies that his or her prior work-related injury continues, the burden shifts to the employer to prove the contrary. *Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.),* 537 Pa. 223, 227, 642 A.2d 1083, 1085 (1994).

■ Herein, the WCJ accepted Dr. Thompson's reports as credible wherein Dr. Thompson related that Claimant sustained an exacerbation of a pre-existing left knee problem on March 19, 2001. In addition, the WCJ found that Dr. Thompson sent regular reports to Dr. Connelly and each report contained information about Claimant's knee on examination and how the knee was being treated. Therefore, Claimant sustained his burden of proving that the original notice of compensation payable was materially incorrect because the accepted injuries did not reflect all of the injuries sustained in the initial work incident, specifically, the injury to Claimant's left knee. Accordingly, the

WCJ did not err in granting Claimant's petition to review and directing Employer to expand the description of Claimant's work-related injury on the notice of compensation payable to include an injury to Claimant's left knee.

■ With respect to Employer's argument that Claimant was required to present unequivocal medical evidence to prove that he required a total left knee replacement, the WCJ found that surgery was a feasible option for Claimant because conservative treatment for the March 19, 2001 injury to his left knee was no longer containing the pain as it had with Claimant's previous work-related knee injuries. Dr. Thompson stated in one of his reports, which the WCJ found credible, that Claimant understood that the one indication for the surgery was for uncontrolled knee pain. The WCJ found that Claimant credibly testified that he only had occasional pain in his left knee prior to March 19, 2001. Finally, the WCJ found that the need for a total knee replacement was the result of a natural progression of the work-related injury; therefore, it was compensable.

■ As stated previously herein, injuries that result or flow from the original injury represents an increase in disability. *Jeanes Hospital.* Moreover, a claimant's testimony alone, if found credible, is sufficient to support a reinstatement of suspended benefits. *Latta.* Accordingly, we conclude that the WCJ did not err by granting Claimant's reinstatement petition and awarding benefits for the period that Claimant was off work due to the total left knee replacement surgery resulting from the March 19, 2001 work-related injury.

The Board's order is affirmed.

### ORDER

AND NOW, this 20th day of June, 2005, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed. .