William Glinka, Petitioner *v.* Workmen's Compensation Appeal Board (Sears, Roebuck and Company), Respondents.

Sears, Roebuck and Company, Petitioner *v.* Workmen's Compensation Appeal Board (William Glinka), Respondents.

Argued June 7, 1982, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and DOYLE, sitting as a panel of three.

*Paul Auerbach,* for petitioner, William Glinka.

*Susan McLaughlin,* with her *David L. Pennington, Harvey, Pennington, Herting & Renneisen, Ltd.,* for respondent, Sears, Roebuck & Company.

OPINION BY JUDGE WILLIAMS, JR., July 18, 1983:

William Glinka (claimant) and Sears, Roebuck and Company (Sears or employer) both appeal from an order of the Workmen's Compensation Appeal Board (Board) which affirmed as modified a referee's order from which claimant, and not employer, appealed.

On September 30, 1972, while employed by Sears as a debt collector, claimant suffered lower back injuries in an automobile accident. By agreement, claimant received compensation at a rate of $80.00 per week until he returned to work on November 27, 1972, and executed a final receipt which terminated benefits. Upon the recurrence of his disability, claimant left work on January 8, 1973, and entered into a supplemental compensation agreement (with Sears) guaranteeing claimant compensation at a rate of $80.00 per week for the duration of his total disability and payment of all hospital and medical expenses related thereto.[1]

---

[1] Based on substantial, competent record evidence the referee described claimant's medical condition as follows in his July 20, 1976 decision:

On February 24, 1975, claimant filed a petition to modify the supplemental compensation agreement alleging, *inter alia,* that Sears had failed to pay claimant's medical and hospital expenses engendered by the accident. After two hearings (at which employer adduced no evidence) the referee, on July 20, 1976, found that claimant was owed compensation at a rate of $94.00, and not $80.00 per week;[2] that employer was liable for payment of all medical expenses resulting from claimant's injury and legal costs in prosecuting the claim; that 10% interest per annum be assessed on all (non-medical) deferred compensation; and, that attorney's fees equalling 20% of claimant's initial gross recovery (not future compensation) be imposed. Both sides appealed.

---

*Finding of Fact* No. 6

It now appears and the medical evidence of the claimant support the fact that the claimant sustained an acute low back strain or sprain on September 30, 1972 which, after an attempted return to work, developed into a chronic low back condition, which required surgery and thereafter manifested a chronic post-laminectomy syndrome which is so disabling as to render Claimant subject to a most restricted type of sedentery [sic] employment, not easily obtained in the present labor market and which makes him totally disabled.

An identical finding of fact (No. 7) was set forth in the same referee's October 5, 1978 decision after the Board remand.

[2] Claimant, who had been employed with Sears for nine weeks prior to his disabling accident of September 30, 1972, had received $80.00 per week compensation based exclusively on his wage of $120.00 per week. *See,* Section 306(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §511.

The referee, however, recalculated claimant's wages at the time of injury to be $161.25 per week, based upon the $120.00 base wage, the $11.25 weekly overtime pay and $33.00 weekly paid as mileage reimbursement (for use of personal automobile). The arithmetically correct sum is, of course, $164.25 per week.

The Board affirmed the referee's order regarding employer's obligation to satisfy all medical and legal expenses, and modified the order by assessing interest on all (medical and non-medical) deferred compensation and awarded attorney's fees based on the initial recovery and future compensation. Concluding that the referee erred in deeming reimbursed mileage expenses as compensation, the Board reduced claimant's award to $87.50.[3] Additionally, the Board remanded to determine whether claimant's counsel was entitled to counsel fees greater than 20% and on the question of penalties.

In a decision dated October 5, 1978, the referee awarded attorney's fees equivalent to 30% of the gross recovery (which included wage loss compensation and all medical expenses accruing to the date of the decision) and all future compensation; a penalty equal to 10% of the gross recovery was also assessed against employer.[4]

Claimant, but not the employer, appealed from the referee's order of October 5, 1978. The Board in a decision dated April 23, 1981, dismissed claimant's appeal and, except for minor modifications,[5] affirmed

---

[3] The $87.50 per week figure is 66⅔% of claimant's amended average weekly wage of $131.25. The $131.25 figure is derived by adding the $120.00 basic weekly wage to the 2.5 hours of overtime per week at $4.50 per hour.

[4] In the October 5, 1978 decision, the referee made the following Conclusion of Law:

5. The parties by their counsel having stipulated at the hearing before the referee on December 15, 1975, that both the hearing and the evidence be considered as a hearing on penalty, the referee concludes that the entire record in this case is a record of a penalty hearing....

[5] The Board modified the referee's order by assessing the 10% annual interest against deferred compensation for wage loss and medical bills, and ordering employer to pay the continuing cost of claimant's spa physiotherapy treatment.

the referee's October 1978 order. Both claimant and employer appealed to this Court.

Raising a multitude of issues claimant maintains that he is entitled to weekly compensation at a rate of $94.00; that a 20% (rather than 10%) penalty be assessed against employer; that counsel fees be increased beyond 30% of the award; that interest be assessed on attorney's fees that remained unpaid despite the referee's decision of August 1976 imposing such fees; that attorney's fees be deducted from the award prior to payment of medical expenses; and, that counsel fees be imposed upon the penalty award.

Claimant first maintains that promised salary increases, mileage reimbursements and fringe benefits are to be included in the average weekly wage computation under Section 309 of the Act, 77 P.S. §582, thus entitling claimant to weekly compensation of $94.00 and not $87.50. Section 309 at subsection (e), however, specifically denominates the types of remuneration included in the "average weekly wage" and "total wages" computation.

While board and lodging received from the employer and tips and gratuities equalling at least one-third of an employe's remuneration are specifically designated as wages under Section 309(e), the subsection omits any reference to the inclusion of prospective salary increases, mileage reimbursements and fringe benefits as wages. Guided by the maxim "expressio unius est exclusia alterius" (that is, where certain things are specifically designated in a statute, all omissions should be understood as exclusions) we must conclude that the Legislature, by omitting any reference to promised salary increases, mileage reimbursements and fringe benefits from the computation of wages under Section 309(e), sought to exclude these items from wage computation. *See, Latella v. Unemploy-*

*ment Compensation Board of Review*, 74 Pa. Commonwealth Ct. 14, 459 A.2d 464, 473 (1983).

Additionally, claimant contends that having been employed by Sears for less than one calendar quarter (nine weeks), and having worked for another employer for two completed calendar quarters at a higher wage immediately prior to joining Sears, that the optional wage computation provision of Section 309(e) is applicable to claimant's situation. Section 309(e) states in pertinent part:

> If under clauses (a), (b), (c), (d) and (e) of this section the amount determined is less than if computed as follows, this computation shall apply, viz: divide the total wages earned by the employe during the last two completed calendar quarters with the same employer by the number of days he worked for such employer during such period multiplied by five.

Unfortunately, while claimant testified that he earned $150.00 weekly with his previous employer of six months, neither the Board nor referee made findings setting forth the existence, duration and rate of compensation of claimant's prior employment. While mindful of the protracted nature of this litigation, we remand the issue of claimant's prior employment under Section 309(e) to the Board for due consideration. *See, Cleland Simpson Company v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 566, 573-74, 332 A.2d 862, 866-67 (1975).

Claimant next argues that a penalty of 20% rather than 10% should have been imposed. Section 435(d)(i) of the Act, 77 P.S. §991(d)(i), provides for the discretionary imposition of a 10% penalty on employers and insurers, except in cases of unreasonable or excessive delay, in which case a 20% penalty *may* be imposed. While the record and referee's findings certainly rebuke employer, we will not disturb the referee's ex-

ercise of discretion. *See, Lord v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 626, 632, 395 A.2d 598, 601-02 (1978).

Claimant further asserts that interest should be assessed against counsel fees which employer allegedly delayed in paying for approximately three years; that counsel fees should be assessed against penalties imposed; that counsel fees should be deducted from medical benefits prior to payment to health providers; and, that counsel fees should be increased beyond 30%.

Although the referee's decision of August 1976 awarded attorney's fees under Section 440 of the Act, 77 P.S. §996, payment was allegedly not made for approximately three years. Notwithstanding the absence of an express statutory provision providing for the assessment of interest against attorney's fees awarded under Section 440, claimant seeks the imposition of interest on such fees. Section 406.1 of the Act, 77 P.S. §717.1, however, exclusively permits the accrual of interest "on all due and unpaid *compensation* at the rate of ten per centum per annum." (Emphasis added.) As we stated in *C. & E. Trucking Corporation v. Luisser*, 8 Pa. Commonwealth Ct. 72, 75-76, 301 A.2d 127, 128 (1973) a workmen's compensation case:

> The assessment of interest on *compensation* is intended to be a penalty for failure to make prompt payment and to compensate the *claimant* for the loss of use of the money during the period of the delay in the payment thereof. (Emphasis added.)

Absent express statutory language providing for the assessment of interest against counsel fees awarded under Section 440 or the legislative expansion of the meaning of the term "compensation" to include attorney's fees, we will not allow interest on such fees.

Without citing pertinent statutory provisions or decisional authority, claimant asserts that attorney's fees should be assessed against the penalty fund. Finding no basis whatsoever for imposing counsel fees against penalty monies, we refuse to so order. *See*, Section 440 of the Act, 77 P.S. §996.

Claimant's penultimate argument is that the Board erred in permitting employer to pay certain medical bills directly to medical providers without first allowing claimant's counsel to deduct attorney's fees. Unfortunately, claimant's counsel did not comply with Section 501 of the Act, 77 P.S. §1021, which establishes a lien for counsel fees where properly contracted for between the claimant and his counsel. In *Richman v. Workmen's Compensation Appeal Board*, 16 Pa. Commonwealth Ct. 594, 597-98, 329 A.2d 920, 922-23 (1975) and *Workmen's Compensation Appeal Board v. Leuschen*, 21 Pa. Commonwealth Ct. 39, 45-46, 342 A.2d 810, 814-15 (1975), we held that no claim for counsel fees shall be an enforceable lien absent board approval, the filing of claim with the Department of Labor and Industry and notification of the employer in writing of such claim. In the present case, claimant's counsel did not adhere to the procedure set forth in Section 501 of the Act, thus, absent statutory or regulatory provisions prohibiting the direct payment of medical bills to health care providers, employer's method of payment was not improper.

Last, finding the referee's discretionary imposition of 30% attorney's fees against employer to be reasonable, we refuse to increase such fee to 40% as requested by claimant's counsel.

Employer asserts that the Board erroneously affirmed the referee's decision of October 1978 in the following respects: the recomputation of claimant's average weekly wage and awarding of benefits at the weekly rate of $87.50; the ordering of payment of "un-

authorized'' hospital and medical expenses; and, the awarding of interest, attorney's fees and penalties. Employer, however, did not appeal from the referee's decision and order of October 5, 1978. In that these issues were not raised before the Board, we shall not consider them. *Hoover Shops v. Workmen's Compensation Appeal Board,* 65 Pa. Commonwealth Ct. 396, 402-03, 442 A.2d 426, 429 (1982) (where referee's decision to deny compensation for certain periods of disability was not appealed to Board, Commonwealth Court declined to address issue); *see also,* 2 Pa. C. S. §703 and Pa. R.A.P. 1551(a). However, by awarding interest on all deferred compensation (including payment of medical bills) and not exclusively on wage loss compensation, and, by directing employer to pay the continuing costs of claimant's spa physiotherapy treatment, the Board amended the referee's order of October 5, 1978.

We deem as proper the assessment of interest against the award for medical treatment and hospital care. Medical services have long been included as compensation under the Act, therefore interest shall accrue on all due and unpaid medical bills at the rate of 10% per annum. *Shank v. Consolidation Coal Company,* 161 Pa. Superior Ct. 304, 308-09, 54 A.2d 289, 291 (1947); *see,* Section 406.1 of the Act, 77 P.S. §717.1.

Finally, we affirm the Board's order requiring employer to pay the continuing costs of claimant's physiotherapy in the nature of whirlpool treatments at a health spa. Claimant's physician's testimony, which the referee found to be credible, established that whirlpool treatments at a health spa would be identical to such treatments in a hospital and less expensive.

## ORDER

AND Now, this 18th day of July, 1983, the order of the Workmen's Compensation Appeal Board, dated April 23, 1981, at No. A-76131 is affirmed except as hereinafter modified.

It is ordered that the record be remanded to the Workmen's Compensation Appeal Board for findings of fact and conclusions of law regarding claimant's eligibility for the recomputation of his average weekly wage under the optional wage computation provision of Section 309(e) of the Act, 77 P.S. §582(e).

Jurisdiction relinquished.