107 Pa. Commonwealth Ct. 341 (1987)
528 A.2d 684
Joanne Artman, Petitioner
v.
Workmen's Compensation Appeal Board (St. Paul's Home for the Aging), Respondents.
No. 1014 C.D. 1986.
Commonwealth Court of Pennsylvania.
Submitted on briefs May 21, 1987.
July 13, 1987.
*342 Submitted on briefs May 21, 1987 to Judges MacPHAIL and COLINS, and Senior Judge NARICK, sitting as a panel of three.
Lawrence R. Chaban, Yablonski, Costello & Leckie, for petitioner.
Charles G. Brown, Dickie, McCamey & Chilcote, P.C., for respondent.
OPINION BY SENIOR JUDGE NARICK, July 13, 1987:
Joanne Artman (Claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board), which affirmed a referee's denial of her claim for benefits. The Board, which did not reach the merits of the case, determined that Claimant's claim was untimely filed pursuant to Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §602. We affirm.
*343 The Claimant raises two issues in her appeal: whether the payment of medical expenses operates to toll the three-year statute of limitations set forth in Section 315 of the Act, and whether the referee disregarded competent evidence in concluding that Claimant did not meet her burden of proof in establishing that any disability she suffered between October 6, 1983 and January 2, 1984 was related to her original injury on March 4, 1980.
Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law was committed, or whether the findings of the referee were based upon substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523, 525 (1986). Because we agree with the Board's determination that Claimant's petition is barred by the Act's statute of limitations, we need not address the second issue with respect to the merits of Claimant's case.
Claimant injured her right shoulder at work on March 4, 1980. She missed approximately one week of work. Her medical expenses of $126.95 were paid by her employer's insurance carrier, but she did not file a claim for workmen's compensation benefits. After that incident, she apparently experienced on-going difficulties with her shoulder.
On February 17, 1984, Claimant filed her first claim petition in which she originally alleged an aggravation of a pre-existing shoulder injury which occurred October 10, 1983 during the course of her employment. She later amended that petition, seeking benefits for the recurrence of a disability as a result of the March 4, 1980 injury, alleging that she was disabled from October 6, 1983 until January 2, 1984.
Claimant recognizes that, as a threshold requirement, we must find that the statute of limitations was *344 tolled by her receipt of medical expenses, which she characterizes as "compensation." As support for her position that payments for her medical expenses are considered to be compensation under the Act, Claimant relies on, inter alia, the case of Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.), 75 Pa. Commonwealth Ct. 504, 462 A.2d 909 (1983). Such reliance is misplaced, as the claimant in Glinka had entered into an agreement with his employer for the payment of workmen's compensation benefits well within the statutory period for filing claims. The question in Glinka was whether the medical expenses that Claimant's employer was required to pay were considered to be compensation for purposes of imposing interest upon the unpaid bills. The mere existence of paid medical expenses cannot bring Claimant within the language of Glinka, which is so clearly distinguishable on its facts.
The applicable line of cases, which Claimant ignores, is a long one which began shortly after the Act was adopted. In Paolis v. Tower Hill Connellsville Coke Co., 265 Pa. 291, 108 A. 638 (1919), the Pennsylvania Supreme Court, addressing the question for the first time, concluded that medical payments made prior to the filing of a claim petition could not be considered compensation for purposes of tolling the statute of limitations. See also, Workmen's Compensation Appeal Board (Temple University) v. Neimann, 24 Pa. Commonwealth Ct. 377, 356 A.2d 370 (1976); Pliscott v. Dumble, 9 Pa. Commonwealth Ct. 292, 305 A.2d 918 (1973); Dennis v. E.J. Lavino & Co., 203 Pa. Superior Ct. 357, 201 A.2d 276 (1964).
Unfortunately for Claimant, her situation fits squarely within the confines of these latter decisions. We are, accordingly, constrained to conclude that her claim for benefits is time-barred. The order of the Board is affirmed.

*345 ORDER
AND NOW, this 13th day of July, 1987, the Order of the Workmen's Compensation Appeal Board is hereby affirmed.