540 A.2d 344

Thomas H. Cook, Petitioner *v.* Workmen's Compensation Appeal Board (Level Line Penn East), Respondents.

Submitted on briefs February 4, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Quintes D. Taglioli, Markowitz & Richman,* for petitioner.

*Barbara L. Hollenbach, Holland, Taylor & Sorrentino,* for respondent, Level Line Penn East.

OPINION BY SENIOR JUDGE BARBIERI, April 18, 1988:
Thomas H. Cook (Claimant) petitions for review of the order of the Workmen's Compensation Appeal

Board (Board) which granted his claim petition for total disability effective April 8, 1983, but then found that all disability had been recovered from and terminated his benefits effective January 12, 1984. We reverse and reinstate the award of total disability.

Claimant was employed by Level Line Penn East (Employer) as a shipper. On April 5, 1983, he injured his lower back while moving a window weighing between one hundred and one hundred and fifty pounds. He attempted to work the next two days but the pain persisted and Claimant left work and sought medical treatment. Claimant was originally treated by Doctor Lawrence M. Weisbrod, board certified in orthopedics, who diagnosed Claimant's injury as spondylolisthesis of the L4 and L5 disk and nerve compression syndrome of the lower lumbar spine. Doctor Weisbrod related a medical history in which Claimant had suffered back injuries in a 1963 automobile accident which remained chronic and the referee found that Claimant had an unstable back from congenital and developmental abnormalities prior to 1983, but that Claimant's injury at work on April 5, 1983, aggravated this prior condition requiring medical treatment and surgery and was thus compensable. Doctor Weisbrod referred Claimant to Doctor Jan B. Wemple, board certified in neurosurgery. On July 7, 1983, Doctor Wemple performed a decompressive laminectomy and a bi-lateral spinal fusion on the Claimant. Following this surgery, Claimant remained under the care of Doctor Wemple.

Doctor Wemple testified by deposition that he examined Claimant on January 12, 1984. He rendered the following opinion on Claimant's ability to return to work:

Q. Could you summarize that visit for us, please, Doctor?

A. Well, he looked quite well. He continued to limp, but I feel that was due to the previous leg fracture that he had. His incision was well healed. His neurological exam was stable and unchanged. He talked about going back to work, but neither I nor his orthopedic surgeon felt that heavy lifting should be done by him in the future, but we thought possibly if he could get back to some light work that he would be ready at that time.

Q. Did you place any physical restrictions upon him at that time as far as weight is concerned?

A. I didn't specifically at that point because we hadn't come to a final decision yet.

Q. Are you scheduled to see him again, or is he scheduled to see you again?

A. He was to see Dr. Howe, and I told him to contact me after he saw Dr. Howe and got his opinion because Dr. Howe wanted—he saw him last on the 1st of February.

Q. As of today's date, have you released him for gainful employment?

A. No, I have not had that request.

Q. If you had that request, would you have released him for gainful employment?

A. A light work type nature, yes.

Q. Could you be more specific when you say light work?

A. Well, I would limit his lifting to no more than twenty or thirty pounds for a period of at least six months, possibly longer, depending on how he progressed.

(R.R. 203a-205a). Based on this testimony the referee determined that all of Claimant's disability ceased and terminated on January 12, 1984, whereupon Claimant's

entitlement to benefits ceased as of this date. (Referee's Findings of Fact No. 12, R.R. 325a-326a, Referee's Conclusion of Law No. 6, R.R. 327a). We believe this finding is without substantial evidence to support it.

The referee's finding that a man who had undergone a spinal fusion operation six months ago, was still under a doctor's care, could not lift more than thirty pounds or perform more than light work had ceased to be disabled is expressed as follows:

> (T)he operations performed by Drs. Wemple and Howe were successful and as of January 12, 1984, Claimant was capable of resuming employment, and although Doctor Wemple recommended Claimant not return to his previous employment for Defendant employer or to employment involving heavy lifting, the Referee finds that with the successful operation including fusion of the lumbar spine that Claimant's back condition as of January 12, 1984 was better and improved than the condition of his low back immediately prior to April 5, 1983; and the referee accepts the expert medical opinion of Dr. Weisbrod to the extent that recovery from the surgery Claimant underwent in July 1983 takes between 3 months and one year.

(Referee's Finding No. 12, R.R. 326a). We are at a loss to understand how a man who injured his back lifting one hundred pound windows in April of 1983, can now have a better back in January of 1984, when according to the uncontradicted testimony of his doctor he cannot even lift thirty pounds. We fail to understand how the referee can accept the opinion of Doctor Weisbrod in Finding of Fact No. 12 that recovery from this surgery takes between three months and one year when in Finding of Fact No. 6 the referee finds Dr. Weisbrod's opinions as to causation of Claimant's complaints in April 1983 and surgery

in July 1983 to be based on insufficient information, contradictory, and in disregard of Dr. Weisbrod's own findings and diagnoses prior to 1983, and his opinions are unpersuasive and unacceptable.
(Referee's Finding of Fact No. 6, R.R. 320a).

The referee is simply playing fast and loose with the facts. The testimony of Doctor Weisbrod on January 24, 1984, was that he had not seen Claimant since August of 1983 when he referred him to Doctor Wemple (R.R. 109a). He rendered no opinion as to whether Claimant had recovered from the surgery and his opinion was that as of August 1, 1983, Claimant could not work at all (R.R. 122a). Expert testimony must be reviewed in its entirety to determine whether it is unequivocal and thus competent to support a finding. *Lewis v. Commonwealth,* 508 Pa. 360, 498 A.2d 800 (1985); *Evans v. Workmen's Compensation Appeal Board (Anchor Hocking Corp.),* 87 Pa. Commonwealth Ct. 436, 487 A.2d 477 (1985). Claimant's medical witnesses, upon whom the referee relies to establish that disability had ceased, all rendered unequivocal opinions that Claimant continued to be disabled. There is no evidence in the record to support a finding that all disability had ceased. The fact that Claimant is capable of returning to light work, and has now in fact found light work, is grounds for suspension or modification, not termination.[1] *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.),* 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983).

During the course of his treatment, Claimant amassed considerable medical bills which Employer re-

---

[1] The issue of Claimant's return to light duty work is not presently before us but may readily be addressed by the parties through the execution of a supplemental agreement.

fused to pay. Claimant's union, Teamsters Local 429 Health and Welfare Fund, paid $12,372.15 of the bills. The referee in his decision ordered payment of these medical bills and granted ten per cent interest on deferred compensation, which Claimant contends includes these medical expenses under *Frymiare v. Workmen's Compensation Appeal Board (D. Pileggi & Sons)*, 105 Pa. Commonwealth Ct. 325, 524 A.2d 1016 (1987). The Board disagreed holding that *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 75 Pa. Commonwealth Ct. 504, 462 A.2d 909 (1983) stated at 75 Pa. Commonwealth Ct. 511, 462 A.2d at 913, that assessment of interest on compensation is only permissible when the claimant pays the bills. The language that the Board relied on in *Glinka* pertained to attorney fees, not medical expenses which are compensation and may clearly bear interest under our decision in *Frymiare* no matter who initially pays them. The decision of the Board is reversed.

### ORDER

Now, April 18, 1988, the order of the Workmen's Compensation Appeal Board at No. A-91726, dated May 29, 1987, is reversed, the award of total disability made April 8, 1983, is reinstated, and interest is ordered computed on the unpaid medical bills according to law.