627 A.2d 250

**BELLEFONTE AREA SCHOOL DISTRICT, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MORGAN), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 16, 1992.

Decided June 18, 1993.

Michael J. Wagner, for petitioner.

James T. Rague, for respondent.

William R. Caroselli, for amicus curiae, AFL–CIO.

John J. Bagnato, for amicus curiae, Pennsylvania Chamber of Business and Industry.

Before CRAIG, President Judge, and DOYLE, COLINS, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

SMITH, Judge.

Bellefonte Area School District (Employer) petitions for review of the order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's order directing Employer's insurance carrier, Hartford Insurance Company, to pay Leona B. Morgan (Claimant) reasonable medical expenses arising out of her work-related injury and its recurrence. The issue raised on appeal is whether Claimant's claim petition for medical expenses filed more than three years after the work-related injury is barred under Section 315 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 602.[1]

---

1. This case was reassigned to the authoring judge on November 17, 1992.

The referee's findings of fact are not in dispute in this appeal. Claimant was employed as a teacher by Employer. On October 25, 1979, while helping her class empty cafeteria trays, Claimant sustained a work-related injury to her right knee when a child ran into her. As a result of this injury, she was unable to work for four or five days. Employer's insurance carrier paid medical expenses incurred by Claimant for the injury. On April 10, 1987, Claimant again sustained an injury to her right knee when she fell in the hallway on Employer's premises. On July 5, 1988, Claimant filed a claim petition for compensation, alleging that she sustained two work-related injuries on October 25, 1979 and on April 17, 1987.[2]

After hearings on Claimant's claim petition, the referee found that on April 10, 1987, Claimant suffered a recurrence of her 1979 work-related injury. The referee concluded that Claimant is not entitled to payment for any weekly disability compensation for the 1987 recurrence of her 1979 injury. The referee, however, ordered Employer's insurance carrier to pay any and all reasonable medical expenses causally related to Claimant's 1979 work-related injury, including those resulting from the 1987 recurrence, on the basis that the three-year statute of limitations is inapplicable to the payment of Claimant's medical expenses. On Employer's appeal, the Board affirmed the referee's decision concluding that payments of medical expenses are not "compensation" under Section 315 of the Act.

I

 Section 315 of the Act sets forth a time limitation for filing claims for compensation:

In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article [Article III: Liability and Compensation, Sections 301–321]; or unless within three years

2. Claimant later amended her petition to change the date of the alleged second injury from April 17, 1987 to April 10, 1987.

after the injury, one of the parties shall have filed a petition as provided in article four hereof [Procedure, Sections 401–447].

It is well established that Section 315 is not a statute of limitations but rather strictly a statute of repose which completely extinguishes a claimant's rights created by the Act. *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.)*, 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991); *McDevitt v. Workmen's Compensation Appeal Board (Ron Davidson Chevrolet)*, 106 Pa.Commonwealth Ct. 207, 525 A.2d 1252 (1987), *appeal dismissed*, 520 Pa. 119, 552 A.2d 1048 (1989). Thus, under Section 315, a claimant's rights for compensation under the Act are extinguished unless within three years after an injury the parties agree upon the compensation payable or one of the parties files any petition provided for in the procedure sections of the Act. Since the parties do not dispute that neither condition was met, the sole question becomes whether Section 315 of the Act is applicable to the payment of medical expenses.[3]

The Board relied upon this Court's decision in *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket)*, 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed*, 518 Pa. 59, 540 A.2d 267 (1988), to conclude that the term "compensation" in Section 315 of the Act does not include medical expenses and therefore no time limitation exists for filing a claim for medical expenses. Employer contends that *Fuhrman* is inapplicable to the matter sub judice and urges reexamination of this Court's recent decision in *Berwick Industries v. Workmen's Compensation Appeal Board (Spaid)*, 146 Pa.Commonwealth Ct. 288, 605 A.2d 463, *appeal granted*, 532 Pa. 647, 614 A.2d 1143 (1992), which held that since Section 315 does not establish either a statute of limitations or a statute of repose applicable to medical ex-

---

**3.** This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the Claimant's constitutional rights were violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

penses, the three-year limitations period does not apply to those expenses.

Prior to the *Berwick* decision, case law permitted an employer to voluntarily pay medical and hospital expenses of an injured employee in the absence of an agreement during the statutory period for filing claims, and did not impose upon the employer a continuing duty to pay benefits where liability has neither been admitted by the employer nor legally determined through the judicial process. *Dennis v. E.J. Lavino & Co.*, 203 Pa.Superior Ct. 357, 201 A.2d 276 (1964); *see also Artman v. Workmen's Compensation Appeal Board (St. Paul's Home for the Aging)*, 107 Pa.Commonwealth Ct. 341, 528 A.2d 684 (1987), *appeal denied*, 517 Pa. 619, 538 A.2d 501 (1988). The *Berwick* decision concluded that "the ongoing legislative liberalization of Section 306(f)," as found in *Fuhrman*, indicates the legislative intent to broaden a claimant's ability to obtain medical expenses for injuries. *Berwick*, 146 Pa.Commonwealth Ct. at 292, 605 A.2d at 465. However, after a reexamination of the question presented and review of relevant sections of the Act and case law, this Court concludes that *Berwick* must be overruled.

The *Fuhrman* decision relied upon in *Berwick* is clearly distinguishable in one very important way: it involved interpretation of the statute of limitations contained in Section 434 of the Act, 77 P.S. § 1001, where, unlike the claimants in *Berwick* and this case, the claimant signed a final receipt and any question as to the threshold determination of liability had already been resolved during the requisite statutory time period. The claimant accrued medical expenses after executing a final receipt which the employer's insurer paid for three years. The claimant filed a claim petition for further medical expenses which was treated as a petition to set aside the final receipt filed under Section 434 of the Act. This Court held that the three-year limitation set forth in Section 434, within which the referee may set aside a final receipt, is wholly inapplicable to a claim for further medical expenses after an injury is no longer "disabling" since it is not necessary for an

employee to sustain a loss of earning to qualify for reimbursement of medical expenses pursuant to a work-related injury.

■ Moreover, as the *Fuhrman* Court stated, a determination of whether the term "compensation" includes medical payments must be made on a section-by-section basis. This Court in *Insurance Co. of North America v. Workmen's Compensation Appeal Board (Kline & Packard Press)*, 137 Pa.Commonwealth Ct. 393, 586 A.2d 500 (1991), *aff'd*, 533 Pa. 112, 619 A.2d 1356 (1993), concluded that the term "compensation" in Section 443 of the Act, 77 P.S. § 999, governing supersedeas fund reimbursements includes medical expenses; and in *Glinka v. Workmen's Compensation Appeal Board (Sears, Roebuck & Co.)*, 75 Pa.Commonwealth Ct. 504, 462 A.2d 909 (1983), this Court decided that medical expenses the employer was required to pay are considered compensation for the purpose of imposing interest under Section 406.1, added by Section 3 of the Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. Notably, this Court expressed the belief in *Insurance Co. of North America* that a common sense approach must be taken in deciding questions of statutory interpretation, commenting upon the Superior Court's decision in *Haley to Use v. Matthews*, 104 Pa.Superior Ct. 313, 158 A. 645 (1932), which concluded that compensation included medical expenses for subrogation purposes of Section 319, 77 P.S. § 671.

## II

■ The purposes underlying time limitations in the Act are to stimulate the prompt pursuit of legal rights and avoidance of the inconvenience and prejudice resulting from deciding stale cases on stale evidence. *Dudley v. Workmen's Compensation Appeal Board (Township of Marple)*, 80 Pa.Commonwealth Ct. 233, 471 A.2d 169 (1984), *aff'd per curiam*, 510 Pa. 283, 507 A.2d 388 (1986). In construing Section 315 to include medical expenses, this Court is guided by the rule of statutory construction that to ascertain the legislative intent, provisions of a statute are to be interpreted in the context in which they appear and with reference to other pertinent provisions. *Consulting Engineers Council of*

*Pennsylvania v. State Architects Licensure Board,* 522 Pa. 204, 560 A.2d 1375 (1989); *Cooley v. East Norriton Township,* 78 Pa.Commonwealth Ct. 11, 466 A.2d 765 (1983).

 Article III, Section 306 establishes a "schedule of compensation" for wage loss and medical payments resulting from total and partial disability and specific loss. Section 306(f)(1), 77 P.S. § 531(1), provides for payments of reasonable surgical and medical services as part of the schedule of compensation. Article III, Section 315 bars all claims for compensation in the absence of the parties' agreement on the compensation payable under Article III or an appropriate petition filed under Article IV. In construing these sections of the Act, this Court may not disregard language which is clear and free from doubt. *Zimmerman v. O'Bannon,* 497 Pa. 551, 442 A.2d 674 (1982). If the legislature intended to exclude medical benefits from "compensation" in Section 315, it would have expressly stated so. Under the circumstances, it is clear that the legislature intended that "compensation" in Section 315 should include medical payments listed in Section 306(f)(1).

 The Act contemplates time periods in which parties must act. *Uselton v. Workmen's Compensation Appeal Board (Brockway, Inc.),* 138 Pa.Commonwealth Ct. 497, 588 A.2d 595 (1991). Claimant's position and the *Berwick* holding are simply contrary to the Act's statutory scheme which does not allow a claimant to keep an employer in limbo forever, *Uselton,* and would result in prejudice to employers where medical expense claims are filed many years beyond an employer's voluntary payment of an injured employee's medical expenses as in the case sub judice. Therefore, although no time limitation appears in Section 306(f)(1) for filing medical claims, the term "compensation" in Section 315 must be construed to include medical payments, thereby allowing an injured employee to gain access to rights afforded by the Act only through that section. Of course, once access to substantive rights under the Act is accomplished, all provisions of the Act must be liberally construed in favor of the injured employee.

*Reed v. Workmen's Compensation Appeal Board,* 499 Pa. 177, 452 A.2d 997 (1981).

The conclusion reached today would encourage employers' continuing practice to voluntarily pay medical expenses to injured employees without fear of later penalty for those payments. As the Superior Court stated in *Dennis:*

> Since the early days of workmen's compensation, the insurance carriers have been liberal in paying medical and hospital bills beyond those required by the statute.... The insurers pay for this treatment to help the injured employes regain their health, which minimizes their future disability and reduces the liability of the insurance carrier for future compensation payments. Even if the reason for the insurance carriers' desire to reduce or prevent future disability of injured employes is to save the carriers money, the injured employes are the chief beneficiaries of the practice. Condemning or penalizing the insurance carriers for voluntarily paying these medical and hospital bills would discourage their continuing the practice. Injured employes would suffer most from the abandonment of the practice.

*Id.,* 203 Pa.Superior Ct. at 362–63, 201 A.2d at 279. Consequently, the Board's conclusion that Claimant's claim for medical expenses should be allowed beyond the three-year limitations period is contrary to policies of the Act and would force employers to abandon a long-established practice of voluntarily paying medical and hospital expenses of injured employees beyond those required by statute, among other things, to assist those employees in regaining their health. Accordingly, the order of the Board is reversed.

## ORDER

AND NOW, this 18th day of June, 1993, the order of the Workmen's Compensation Appeal Board is hereby reversed.

DOYLE, Judge, dissenting.

I respectfully dissent.

Section 315 of The Pennsylvania Workmen's Compensation Act,[1] (Act) pertinently provides:

In cases of personal injury all claims for *compensation* shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof [pertaining to the procedure for filing various types of petitions with the referee]. (Emphasis added.)

It is well-settled law that Section 315 is actually a statute of repose. *Berisford v. Workmen's Compensation Appeal Board (Jessop Steel Co.),* 142 Pa.Commonwealth Ct. 83, 596 A.2d 1237 (1991). Thus, if medical expenses are covered by this provision, Leona B. Morgan's (Claimant's) attempt to seek benefits in July of 1988 for medical expenses for an injury which occurred in 1979 would be time barred. However, as we observed in *Berwick Industries v. Workmen's Compensation Appeal Board (Spaid),* 146 Pa.Commonwealth Ct. 288, 605 A.2d 463 (1992), *petition for allowance of appeal granted,* 532 Pa. 647, 614 A.2d 1143 (1992), the relevant inquiry is whether "compensation," as that term is used in Section 315, includes medical expenses.

In *Berwick Industries* we noted that the definition of compensation does not appear in the Act and, accordingly, interpretation of that term has always been on a section-by-section basis. We further noted that in attempting to construe what the legislature meant by compensation in the various provisions of the Act, an examination of the statutory history of the Act is appropriate. We engaged in a lengthy historical analysis in *Berwick Industries* which I need not repeat in detail for purposes of my discussion here. Suffice it to say that we concluded that Section 306(f) of the Act, 77 P.S. § 531, which is the substantive provision granting medical benefits to an

1. Act of June 2, 1915 P.L. 736, *as amended,* 77 P.S. § 602.

injured claimant,[2] has, with one very minor exception, continually expanded benefits to injured employees via a series of amendments stemming from 1956 to 1974. Among the liberalizing amendatory changes were extensions of the time period for filing a claim petition, the adoption of a discovery rule in certain types of cases, the requirement that an employee merely sustain an "injury" and not suffer an "accident," and the inclusion of occupational diseases within the definition of the term "injury." Based upon this trend we concluded that the legislature had evidenced an intent to broaden a claimant's ability to obtain medical treatment for a work-related injury, and hence held, that because Section 315 does not *expressly* establish a statute of limitations or a statute of repose applicable to such medical expenses, the time bar in that Section does not apply to those expenses.

Today, by overruling *Berwick Industries,* this Court blunts the progressive intent of the legislature to liberalize and improve claimants' benefits and replaces the command of Section 1921(a) of the Statutory Construction Act of 1972 that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly," 1 Pa.C.S. § 1921(a), with something denominated "common sense."

I am not advocating, of course, the abandonment of "common sense;" only the majority's notion of "common sense." The flaw can best be illustrated by reference to the statement in the majority opinion (op. p. 254) that "if the legislature intended to *exclude* medical benefits from 'compensation' in Section 315, it would have expressly stated so," (emphasis added). Knowing the extensive history of Section 306(f) of the Act, so exhaustively detailed in *Fuhrman v. Workmen's Compensation Appeal Board (Clemens Supermarket),* 100 Pa.Commonwealth Ct. 577, 515 A.2d 331 (1986), *appeal dismissed as improvidently granted,* 518 Pa. 59, 540 A.2d 267

2. This Section pertinently provides that "[t]he employer shall provide payment for reasonable surgical and medical services, services rendered by duly licensed practitioners of the healing arts, medicines, and supplies, as and when needed...."

(1988), and *Berwick,* I believe that it makes more common sense to state the proposition: if the legislature had intended to *include* medical benefits in the three-year statutory limitation, it would have expressly stated so. Thus, by posing the question one can prophesy the answer. Since the legislature did not define the term "compensation" it makes more sense for this Court to glean from the long history of the legislative amendments, as we did in *Fuhrman* and *Berwick Industries,* what the legislature intended. The majority's notion of common sense should not be employed to ignore and defeat legislative intent.

The majority's distinguishing *Fuhrman* on the basis that in *Fuhrman* the question of liability had been resolved during the three-year period of limitation is in my view a distinction without a difference. Regardless of whether or not liability for other benefits has been established, the claimant has still been injured and is still in need of medical attention. And, of course, the purpose of the Act is to compensate an injured worker for that injury. Moreover, there never was a question raised in this case that the injuries of this Claimant were not work related, nor was there ever a question that the medical costs were other than necessary and reasonable. To conclude, as the majority has (op. p. 254), that by limiting the time period within which employers are *required* to pay medical costs, employers are thereby somehow encouraged to *voluntarily* pay the medical expenses of injured employees, is tantamount to turning the Statutory Construction Act inside out. The actual truism is: if there is no statutory time bar to pay medical costs, there is no statutory time bar to pay medical costs.

Further, nothing is more established as a bedrock of compensation law than the principle that the payment for medical or hospital services does not constitute a payment of compensation, and such payments do not toll the statute of limitation, *Paolis v. Tower Hill Connellsville Coke Co.,* 265 Pa. 291, 108 A. 638 (1919), whether for purposes of Section 434 of the Act,[3]

---

3. 77 P.S. § 1001. This Section was added by Section 6 of the Act of June 26, 1919, P.L. 642.

*Dennis v. E.J. Lavino & Company,* 203 Pa.Superior Ct. 357, 201 A.2d 276 (1964), or for purposes of Section 315 of the Act, *Paolis; Artman v. Workmen's Compensation Appeal Board (St. Paul's Home),* 107 Pa.Commonwealth Ct. 341, 528 A.2d 684 (1987), *petition for allowance of appeal denied,* 517 Pa. 619, 538 A.2d 501 (1988). Indeed, in *Artman* Judge Narick referred to the long line of cases "which began shortly after the Act was adopted" with *Paolis* when the "Pennsylvania Supreme Court, addressing the question for the first time, concluded that medical payments made prior to the filing of a claim could *not be considered compensation* for purposes of tolling the statute of limitations." (Emphasis added.)

The majority's holding in the case now under review has the curious result of determining that an employee's medical expenses *are* compensation within the meaning of Section 315 of the Act to prohibit such payments after three years, but *are not* compensation to toll the running of that same statute of limitation. The majority forces two different definitions of the same term in the same section of the Act. And, of course, this result is contrary to other types of compensation benefits which are barred after three years, *Artman,* and do, quite logically toll the same statute of limitations if paid. *NUS Corp. v. Workmen's Compensation Appeal Board (Garrison),* 119 Pa.Commonwealth Ct. 385, 547 A.2d 806 (1988).

To conclude, under the majority's holding, medical expenses are considered compensation for purposes of the statute of limitations under Section 315 of the Act—and are thus denied. In my view, medical expenses are not compensation for the purposes of Section 315—and thus should be paid.

Accordingly, based upon the above-stated reasons, I would affirm the order of the Workmen's Compensation Appeal Board.