John STECH, Petitioner,

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MJS Equipment Company), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted April 26, 1996.

Decided July 12, 1996.

---

David W. Knauer, for Petitioner.

Pamela S. Parascandola, for Respondent.

Before COLINS, President Judge, PELLEGRINI, J., and LORD, Senior Judge.

COLINS, Presiding Judge.

John Stech (Stech) petitions for review of the March 8, 1995 order of the Workmen's Compensation Appeal Board (Board), which reversed that portion of a Workers' Compensation Judge's (WCJ) decision that held Stech's employer, MJS Equipment Company (MJS) responsible for payment of Stech's medical bills for treatment of cervical problems, Stech's costs, and a twenty percent fee for Stech's counsel.

While employed by MJS as a supervisor of cargo, fuel, ground handling, and reworking of aircraft, Stech, on or about March 9, 1992, filed a claim petition alleging that on February 19, 1991, while working on a plane in Brunswick, Georgia, he sustained a "herniated cervical disc" that produced pain and numbness. MJS contended that Stech's condition was not caused by any compensable work injury sustained on February 19, 1991, but rather related back to an injury that Stech had sustained in 1987, any claim for which was barred by the statute of limitations provisions of Section 315 of The Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 602.[1] We note that the record does not indicate that Stech missed any work time because of his 1987 injury or that any notice of compensation payable was issued for that injury.

After hearings held on May 12 and July 7, 1992, and February 25, 1993, the WCJ concluded that MJS had successfully established that Stech's surgery and disability were caused by his 1987 injury, and that any claim

for the latter was effectively barred by the statute of limitations because no claim petition or notice of compensation payable had been filed. On August 17, 1993, the WCJ found that Stech's disability was the result of his 1987 injury and was therefore time barred by the statute of limitations, but that MJS was nonetheless responsible for payment of Stech's medical bills related to his cervical problems and for Stech's legal costs.

Both Stech and MJS filed appeals from the WCJ's decision. On March 8, 1995, the Board rendered an opinion and order reversing that part of the WCJ's order directing MJS to pay Stech's medical bills and costs. Stech's petition for review of the Board's order followed.

██ In reviewing Board decisions, this Court's scope of review is limited to a determination of whether there was an error of law or abuse of discretion committed, and whether the WCJ's findings of fact are based upon substantial evidence. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988), *appeal after remand on other grounds*, 143 Pa.Cmwlth. 69, 598 A.2d 602 (1991).

██ We find no merit in Stech's argument that the WCJ erred in allowing MJS's medical expert, John S. Kruper, M.D., to testify during his deposition as to causation issues when his report was allegedly limited to Stech's employability. MJS properly notes that WCJ proceedings are governed by the Special Rules of Administrative Practice and Procedure before Referees (Special Rules), 34 Pa.Code § 131.1—131.122, which supersede the General Rules of Administrative Practice and Procedure. Sections 131.61, 131.62, and 131.68 of the Pennsylvania Code, 34 Pa.Code §§ 131.61, 131.62, and 131.68, provide for virtually full discovery including the exchange of documents, records and deposition testimony. In this regard, the courts have consistently recognized that "a more liberal rule prevails in the admission

---

1. Section 315 provides, in pertinent part, as follows:

 In cases of personal injury, all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall

have agreed upon the compensation payable under this article; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.

of evidence in a compensation case than in an action at law for negligence," and that "a referee is not bound by the technical rules of evidence in conducting hearings and investigations, but all findings of fact must be supported by sufficient competent evidence." *Grant v. GAF Corporation,* 415 Pa. Superior Ct. 137, n. 6, 608 A.2d 1047, 1056 n. 6 (1992), *affirmed sub nom. Gasperin v. GAF Corporation,* 536 Pa. 429, 639 A.2d 1170 (1994). Further, pursuant to 34 Pa.Code § 131.66(b),[2] objections not properly preserved are waived. Examination of the record indicates that Stech's present objection concerning Dr. Kuper's deposition testimony was never preserved at the time of the deposition in compliance with the specific requirements of Section 131.66(b).

■ Similarly, we reject Stech's challenge to the Board's application of the Section 315 statute of limitations bar to payment of his medical benefits, 77 P.S. § 602. In *Bellefonte Area School District v. Workmen's Compensation Appeal Board (Morgan),* 156 Pa.Cmwlth. 304, 627 A.2d 250 (1993), *affirmed per curiam* 538 Pa. 618, 645 A.2d 1321 (1994), this Court clarified the applicability of Section 315 of the Act to medical benefits as follows:

> Article III, Section 315 bars all claims for compensation in the absence of the parties' agreement on the compensation payable under Article III or an appropriate petition filed under Article IV. In construing these sections of the Act, this Court may not disregard language which is clear and free from doubt.... If the legislature intended to exclude medical benefits from 'compensation' in Section 315, it would have expressly stated so. Under the circumstances, it is clear that the legislature intended that 'compensation' in Section 315 should include medical payments listed in Section 306(f)(1).... Therefore, although no time limitation appears in Section 306(f)(1) for filing medical claims, the term

'compensation' in Section 315 *must be construed* to include medical payments.... (Emphasis added.)

*Id.* 627 A.2d at 254. Applying *Bellefonte* to the present matter, we find that the Board properly reversed that portion of the WCJ's order that directed MJS to pay Stech's medical expenses after finding that Section 315 effectively barred Stech's claim for compensation.

■ Finally, considering Stech's argument that Dr. Kruper's testimony did not support the WCJ's finding that Stech's 1991 condition could not be characterized as a new injury and therefore was not compensable, "[a]s we have stated repeatedly, this Court will not review the credibility determinations of a WCJ." *McDonnell Douglas Truck Services, Inc. v. Workmen's Compensation Appeal Board (Feldman),* 655 A.2d 655, 658 (Pa.Cmwlth.1995). The present WCJ found the testimony of Dr. Kruper, MJS's medical expert, more credible than that of F. Todd Wetzel, M.D., Stech's treating physican, and "[w]here, as here, the Board takes no additional evidence, the referee is the final arbiter of credibility and the weight of the evidence." *Vols v. Workmen's Compensation Appeal Board (Alperin, Inc.),* 161 Pa. Cmwlth. 497, 637 A.2d 711, 714 (1994).

In light of the foregoing opinion, we affirm the order of the Board.

### ORDER

**AND NOW,** this 12th day of July 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.

---

**2.** Section 131.66(b) provides as follows:

Objections shall be made and the basis for the objections stated at the time of the taking of the depositions. Only objections which are identified in a separate writing, introduced prior to the close of the record, stating the specific nature of the objections and the pages where they appear in the deposition will be preserved for ruling. Objections not so preserved will be waived.